IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA MENTZER and<br>ARLIE MORSE,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>EID'S GRANDKIDS, LLC, d/b/a<br>Leola Inn and Suites and Sunset Valley<br>Motel, NILUCAMM, LLC, d/b/a<br>Leola Inn and Suites and Sunset Valley<br>Motel, SNYDER MOTEL, ABC<br>COMPANIES 1-10, FERIAL EID,<br>TALAAT EID, MARK EID, and<br>MONICA ISKANDER,<br><br>　　　　　Defendants. | No.<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendants EID'S GRANDKIDS, LLC, NILUCAMM, LLC, SNYDER

MOTEL, ABC COMPANIES 1-10, FERIAL EID, TALAAT EID, MARK EID,

and MONICA ISKANDER, by and through their attorneys, and pursuant to 28

U.S.C. §§ 1331, 1441(a) and 1446, hereby removes this action from the Court of

Common Pleas in Lancaster County, Pennsylvania, to the United States District

Court for the Eastern District of Pennsylvania.  In support its Notice of Removal,

Defendants state the following:

1.　　This action was commenced on or about March 6, 2020, when

Plaintiffs filed a Complaint in the Court of Common Pleas in Lancaster County,

Pennsylvania under court number CI-20-02310. Copies of the Notice and Complaint served on the Defendants, by/on behalf of the Plaintiffs, are attached hereto as <u>Exhibit A</u>.

2.      In their Complaint, it is alleged that the Defendants violated the Fair Labor Standards Act (FLSA- 29 U.S.C. §§201, et. seq.) by employing the Plaintiffs and failing to pay required minimum wage and overtime pay. Based on the same set of alleged facts and circumstances, Plaintiffs allege that the Defendants also violated the Pennsylvania Minimum Wage Act (PMWA- 43 P.S. §§331.101, et seq.). (*See* Complaint at ¶¶ 1, 43-55 (Count I), 56-59 (Count II).)

3.      The Defendants were served with Plaintiffs' Complaint and Notice on March 10, 2020.

4.      This Court has original federal question jurisdiction over Plaintiffs' federal claims under the FLSA, pursuant to 28 U.S.C. §1331, in that such claims arise under laws of the United States. In accordance with 28 U.S.C. §1367, this Court also has supplemental jurisdiction over Plaintiffs' PMWA state law claims in that such claims are so related to the claims over which this Court has original jurisdiction, as they arise out of the same or substantially the same facts and circumstances and, therefore, form part of the same case or controversy.

5.      In accordance with 28 U.S.C. § 1441, this action may be removed to this Court because federal question jurisdiction exists with respect to this dispute in pursuant to 28 U.S.C. § 1331.

6.      Specifically, because Plaintiffs' alleged claims under the FLSA arise under federal law, this action could have been brought in the United States District Court pursuant to 28 U.S.C. § 1331.

7.      This Notice of Removal is timely in that it is filed within 30 days from the date Defendants received a copy of the initial pleading (Complaint), pursuant to 28 U.S.C. § 1446(b)(1).

8.      Defendants will give written notice of the filing of this Notice and a copy of this Notice will be filed with the Court of Common Pleas in Lancaster County, Pennsylvania, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas in Lancaster County, Pennsylvania, to this Honorable United States District Court for the Eastern District of Pennsylvania.

Dated:  April 7, 2020                    Respectfully submitted,

                                         EID'S GRANDKIDS, LLC,
                                         NILUCAMM,
                                         LLC, SNYDER MOTEL, ABC
                                         COMPANIES 1-10, FERIAL EID,
                                         TALAAT EID, MARK EID and
                                         MONICA ISKANDER

                                         By: /Joseph Sileo
                                             Joseph Sileo
                                             McNees Wallace & Nurick LLC
                                             125 N. Washington Avenue,
                                             Suite 220
                                             Scranton, Pennsylvania 18503
                                             Telephone: (570) 209-7224
                                             PA Bar # 67948

                                             Counsel for Defendants

**EXHIBIT A**

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Feb 28 2020 01:46PM
Ricci Dehl

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

Tina Mentzer, et al.

                                              No. CI-_____        **CI-20-02310**

                    vs.

EID's Grandkis, LLC d/b/a Leola Inn and Suites and

Sunset Valley Motel, et al.

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

                    Lancaster Bar Association
                    Lawyer Referral Service
                    28 East Orange Street
                    Lancaster, PA 17602
                    Telephone: 717-393-0737

*3-2-2020*
*$206.25 (2nd)*
*ACH #772538*
*receipt*
*(20760)*

**KARPF, KARPF, CERUTTI, P.C.**
By: Ari R. Karpf, Esq.
Attorney I.D. No.: 91538
3331 Street Road
Two Greenwood, Suite
Bensalem, PA 19020
(215) 639-0801

**ELECTRONICALLY FILED**

FEB 2 8 2020

**PROTHONOTARY OFFICE
LANCASTER, PA**

*1:46 Pm*

---

TINA MENTZER                                          :
2288 New Holland Pike                          :
Lancaster, PA 17601                               :
                    and                                     :
ARLIE MORSE                                          :
2288 New Holland Pike                          :
Lancaster, PA 17601                               :
                                                                :
                                                                :
                    Plaintiff,                             :
                                                                :
                                                                :
                    v.                                        :
                                                                :
EID'S GRANDKIDS, LLC                        :
d/b/a Leola Inn and Suites and            :
Sunset Valley Motel                              :
3851 Ridgewood Rd.                             :
York PA 17406                                        :
                    and                                     :
NILUCAMM, LLC                                   :
d/b/a Leola Inn and Suites and            :
Sunset Valley Motel                              :
3851 Ridgewood Rd.                             :
York PA 17406                                        :
                    and                                     :
SYNDER MOTEL                                    :
3851 Ridgewood Rd.                             :
York PA 17406                                        :
                    and                                     :
ABC COMPANIES 1-10                         :
3851 Ridgewood Rd.                             :
York PA 17406                                        :
                    and                                     :
FERIAL EID                                             :
3851 Ridgewood Rd.                             :
York PA 17406                                        :
                    and                                     :
TALAAT EID                                           :
3851 Ridgewood Rd.                             :

**COURT OF COMMON PLEAS**
**LANCASTER COUNTY**

**CIVIL ACTION**

**NO.:**

**JURY TRIAL DEMANDED**

York PA 17406                        :
        and                          :
MARK EID                             :
531 William St.                      :
Fredericksburg, VA 22401             :
        and                          :
MONICA ISKANDER                      :
1720 Adeline Dr.                     :
Mechanicsburg, PA 17050              :
                                     :
        Defendants.                  :
                                     :

ELECTRONICALLY FILED

FEB 28 2020   1:46 pm

PROTHONOTARY OFFICE
LANCASTER, PA

## CIVIL ACTION COMPLAINT

Plaintiffs, Tina Mentzer and Arlie Morse (*hereinafter* collectively referred to as "Plaintiffs"), by and through their undersigned counsel, hereby avers as follows:

### I. Introduction

1.     Plaintiffs, Tina Mentzer and Arlie Morse, have initiated this action to redress violations by Eid's Grandkids, LLC, Nilucamm, LLC, Snyder Motel, Ferial Eid, Talaat Eid, Mark Eid, and Monica Iskander (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) of the Pennsylvania Minimum Wage Act ("PMWA - 43 P.S. §§ 331.101, *et. seq.*) and the Fair Labor Standards Act "FLSA" (29 U.S.C. §§ 201, *et. seq.*).

### II. Venue

2.     Venue is properly laid in the County of Lancaster pursuant to Rule 1006(a) of the Pennsylvania Rules of Civil Procedure because the majority of the transactions and occurrences from which the instant action arises occurred in that county.

### III. Parties

3.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

2

4.     Plaintiff, Tina Mentzer (hereinafter "Plaintiff Mentzer"), is an adult individual who resides at the above-captioned address.

5.     Plaintiff, Arlie Morse (hereinafter "Plaintiff Morse"), is an adult individual who resides at the above-captioned address.

6.     Defendant Eid's Grandkids, LLC ("Defendant EG") is a company that owns and operates a motel and apartment rental location at 2228 New Holland Pike, Lancaster PA which does business as Leola Inn and Suites and/or Sunset Valley Motel.

7.     According to the Secretary of State, Defendant EG is registered at a residential address: 3851 Ridgewood Road, York PA 17406.

8.     Defendant Nilucamm, LLC ("Defendant Nilucamm") is a company that, upon information and belief, also manages, runs, and operates the motel and apartment rental location at 2228 New Holland Pike, Lancaster PA, which does business as Leola Inn and Suites and/or Sunset Valley Motel.

9.     According to the Secretary of State, Defendant Nilucamm is registered at the same residential address as Defendant EG: 3851 Ridgewood Road, York PA 17406.

10.    Upon information and belief Defendant EG and Defendant Nilucamm are jointly owned and operated by Defendant Ferial Eid, Defendant Talaat Eid, Defendant Mark Eid, and Defendant Monica Iskander (hereinafter referred to as "Defendant Individuals").[1]

11.    Upon information and belief, Defendant Individuals also own and operate other motels throughout York and Lancaster, Pennsylvania, including but not limited:

        a)   Defendant Snyder Motel – located at 5776 Lincoln Highway, York PA;

        b)   Lincoln Lodge – located at 5963 Lincoln Highway, York PA; and

---

[1] Upon information and belief, Defendant Monica Iskander was known as "Monica Eid" prior to marriage.

3

c) Dutch Village Motel – located at 3495 N Susquehanna Trail, York, PA 17406

12.     It is unclear, despite diligent search efforts, whether Defendant Snyder Motel, Lincoln Lodge, and Dutch Village Motel are owned and operated by Defendant EG or Defendant Nilucamm.

13.     However, Plaintiffs worked for Defendant Snyder Motel from on or about June 2, 2016 through on or about September 15, 2018. During this time period, Plaintiffs primarily reported to Defendant Talaat Eid and Defendant Ferial Eid and were informed that the Eid family (*i.e.* Defendant Individuals) owned and operated Defendant Snyder Motel.

14.     On September 16, 2018, Plaintiffs ceased working for Defendant Snyder Motel and began working at Sunset Valley Motel/Leola Inn and Suites, which is owned and operated by Defendant EG, Defendant Nilucamm, Defendant Individuals, and potentially other joint entities/employers.

15.     After starting employment at Sunset Valley Motel/Leola Inn and Suites, Plaintiffs were again told that such location was owned and operated by Defendant Individuals. However, according to the Secretary of State, "Leola Inn and Suites" is a fictitious name for Defendant EG. Furthermore, Plaintiffs have received checks from Defendant Nilucamm while working at Sunset Valley Motel/Leola Inn and Suites (discussed further *infra*), which have been signed by select Defendant Individuals, including but not limited to Defendant Ferial Eid and Defendant Monica Iskander.

16.     Defendant Individuals hold themselves out as owners, operators, and managers of all the aforesaid locations listed above.

4

17.     Therefore, it is Plaintiffs' intention to conduct a corporate designee deposition under Pennsylvania Rule of Civil Procedure, Rule 4007.1(e) in order to determine what other entities (for which Plaintiffs were not able to find through due diligence) are owned and operated by Defendant Individuals in a way that such entities should be considered joint employers of Plaintiffs – indentified currently herein as Defendant ABC Companies 1-10. Plaintiffs will seek to amend their Complaint after the aforesaid designee deposition to add any entities which should be added as a joint employer to their Complaint.

18.     Upon information and belief, Defendant EG, Defendant Nilucamm, Defendant Snyder Motel, and Defendant ABC Companies 1-10 are interrelated and integrated in their activities, financial controls, ownership, and management, such that they should be consider one entity. Therefore because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendant EG, Defendant Nilucamm, Defenday Snyder Motel, and Defendant ABC Companies 1-10 may be treated as a single and/or joint employer for purposes of the instant action.

19.     Upon information and belief, Defendant Individuals reside at the same address that Defendant EG and Defendant Nilucamm are registered with the Secretary of State: 3851 Ridgewood Road, York PA 17406.

20.     At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.     **Factual Background**

21.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

5

22.  Plaintiffs were hired to work for Defendant Individuals on or about June 2, 2016 at their Snyder Motel location (Defendant Snyder Motel).

23.  Plaintiff Mentzer was hired as the property manager, wherein she was responsible for answering phones, handling the front desk, checking guests in, opening and closing the main office, and housekeeping duties (such as cleaning guest rooms and the main office, as well as doing the laundry).

24.  Plaintiff Morse was hired as the maintenance manager, wherein he was responsible for grounds keeping, electrical maintenance, plumbing, and construction.

25.  Upon hire, Plaintiffs were forced to sign a contract with Defendant Ferial Eid and Defendant Talaat Eid wherein Plaintiffs were alleged to be "independent contractors," which is a complete farce.

26.  At no point in time while working at Defendant Snyder Motel were Plaintiffs independent contractors. At all times, Plaintiffs were under the direct supervision and control of Defendant Individuals (primarily Defendant Talaat Eid and Defendant Ferial Eid) while working at Defendant Snyder Motel.

27.  As payment for their services while working at Defendant Snyder Motel, Defendant Individuals allowed Plaintiffs to stay at the motel (in the same room); however, they were never paid any wages.

28.  While working at Defendant Snyder Motel, Plaintiffs worked seven days a week and often times worked up to 15 hours per day; however, they were never paid any wages and were never paid overtime compensation for any hours worked over 40 in one week.

29.  On or about September 16, 2018, Plaintiffs ceased working at Defendant Snyder Motel and began working at Sunset Valley Motel/Leola Inn and Suites, which is owned and

operated by Defendant EG, Defendant Nilucamm, and Defendant Individuals (and potentially other joint entities/employers).

30.     Plaintiffs did not sign any contract with Defendants when they began working at Sunset Valley Motel/Leola Inn and Suites in September of 2018.

31.     Since Plaintiffs began working at Sunset Valley Motel/Leola Inn and Suites, they have continued to perform the same roles as they were performing at Defendant Snyder Motel.

32.     At no point in time, since Plaintiffs began working at Sunset Valley Motel/Leola Inn and Suites have they been free from the direction and control of Defendant EG, Defendant Nilucamm, Defendant Individuals, or any other potential Defendants who are proper joint entities/employers. In fact:

a) Plaintiffs have been told they are not allowed to work anywhere else;

b) At least one Defendant Individual comes to the location at which Plaintiffs work each day and instructs Plaintiffs on what their assignments are for that particular day.

c) Plaintiffs' daily activities are watched by Defendant Individuals through the motel's security camera system;

d) Plaintiffs are verbally reprimanded when they are not performing at the speed or standard that Defendant Individuals think is appropriate; and

e) Plaintiff Mentzer is instructed on how to handle customer questions, concerns and/or complaints; and

f) Defendant Individuals control when Plaintiffs are allowed to take off, which is typically never (not even for holidays).

7

33.     Since they began working for Defendant EG, Defendant Nilucamm, and Defendant Individuals at the Sunset Valley Motel/Leola Inn and Suites, Plaintiffs have continued to work well over 40 hours a week, often times working seven (7) days a week and up to 15 hours per day.

34.     At no point in time between September 16, 2018 and the present have Plaintiffs ever been paid for all hours that they worked and they have never been paid time and one half for hours worked over 40 in one week.

35.     Instead, Defendant EG, Defendant Nilucamm, and Defendant Individuals have maintained that payment for Plaintiffs' services while working at the Sunset Valley Motel/Leola Inn and Suites is given to them in the form of allowing them to live on the premises (in the same room) rent free.

36.     In addition to allowing Plaintiffs to live at the Sunset Valley Motel/Leola Inn and Suites rent free, Defendant EG, Defendant Nilucamm, and Defendant Individuals have provided Plaintiffs with a single weekly check, typically with Defendant Nilucamm's name on it, in the amount of $250.00.

37.     Between September of 2018 and August of 2019, the aforesaid check that Plaintiffs received for $250.00 was the only form of wages that they were paid on a weekly basis – which, when added to the cost of rent, does not even come close to the federal or state mandated minimum wage.

38.     Beginning in or about August of 2019, Defendant EG, Defendant Nilucamm, and Defendant Individuals began sporadically issuing Plaintiffs a separate additional check, typically from Defendant Nilucamm, in the amount of $100.00 to compensate them for any "additional work performed."

8

39.     Even when the cost of rent for Plaintiffs to live in the same room while working at Sunset Valley Motel/Leola Inn and Suites is added to the amount they receive in the form of two checks per week (one for $250.00 and the other for $100.00), the total is still not enough to cover the federal or state mandated minimum wage for both Plaintiffs or the overtime compensation due to them for the hours they worked over 40 in one week.

40.     From June of 2016 through the present, Defendants have never kept track of the hours of work performed by Plaintiff and thus have failed to maintain proper time-keeping records as required under state and federal law to ensure that Plaintiffs were paid for each and every hour they worked.

41.     In addition, from June of 2016 through the present, all of Defendants' actions as aforesaid have been without question willful, intentional and in blatant disregard for state and federal wage and overtime laws, as evidenced by Defendants:

    a) Improperly withholding or deducting Plaintiffs' pay to the point where they have been compensated below the state and federally required minimum wage;

    b) Not paying Plaintiffs at least 1.5 times their regular hourly rates of pay for all hours worked in excess of 40 per work week;

    c) Engaging in an across-the-board practice and policy of non-payment of minimum wage and overtime compensation in order to avoid state and federal wage and overtime obligations; and

    d) Intentionally misclassifying Plaintiffs as independent contractors in order to try and avoid state and federal minimum wage and overtime obligations.

42.     As a result of Defendants actions, Plaintiffs have suffered significant damages in the form of unpaid wages and overtime compensation.

**Count I**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Overtime and Minimum Wage Violations)**
**- Against All Defendants -**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the Pennsylvania Minimum Wage Act.

45.     At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiffs.

46.     At all times relevant herein, Plaintiffs were employed with Defendants as "employee[s]" within the meaning of the PMWA.

47.     The PMWA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

48.     The PMWA also requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiff, a minimum wage rate of $7.25 per hour.

49.     At all times during their employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

50.     Throughout Plaintiffs' employment with Defendants, Plaintiffs have worked in excess of 40 hours per week every week.

10

51.     At no point in time during their employment with Defendants have Plaintiff's been paid minimum wage.

52.     In fact, throughout Plaintiffs' employment with Defendants, Defendants have improperly withheld and deducted Plaintiffs' pay to the point where they have been (and continue to be) compensated below the minimum wage in every week they have worked.

53.     Additionally, at no point in time during their employment with Defendants have Plaintiffs' been paid time and one half for any hours worked in excess of 40 hours in one week.

54.     Defendants' actions as described *supra* are clearly willful and deliberate and Plaintiffs seek all remedies permitted under the PMWA for unpaid wages, as well as penalties and interest.

55.     Defendant Individuals are personally liable because they own and operate the locations at which Plaintiffs work/worked and were/are responsible for the terms and conditions of employment for Plaintiffs including but not limited to their compensation. Defendant Individuals are also responsible for perpetuating unlawful payroll practices and ratifying same. Additionally, Defendant Individuals personally and intentionally deceived Plaintiffs regarding their compensation.

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Overtime and Minimum Wage Violations)**
**- Against All Defendants -**

56.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.     Defendants' failure to pay overtime and minimum wages in the aforesaid manners also constitutes violations of the FLSA.

11

58.     Defendants' actions as described *supra* are clearly willful and deliberate and Plaintiffs seek all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

59.     Defendant Individuals are personally liable because they own and operate the locations at which Plaintiffs work/worked and were/are responsible for the terms and conditions of employment for Plaintiffs including but not limited to their compensation. Defendant Individuals are also responsible for perpetuating unlawful payroll practices and ratifying same. Additionally, Defendant Individuals personally and intentionally deceived Plaintiffs regarding their compensation.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' wrongful actions, including but not limited to past lost earnings, wages, and overtime compensation.

B.      Plaintiffs are to be afforded liquidated damages as permitted by applicable law to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

D.      Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorneys' fees (if applicable under relevant law); and

E.      Plaintiffs are also requesting to have a trial by jury.

Respectfully submitted,

KARPF, KARPF, & CERUTTI, P.C.

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Date:   February 28, 2020

## <u>VERIFICATION</u>

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of her knowledge, information and belief.  The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Date: 2-24-20

## VERIFICATION

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of her knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

_Arlie Morse_
Arlie Morse

Date: 02/24/2020

15

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: *Ari R. Karpf, Esq.*

Signature: _____

Name: *Ari R. Karpf, Esq.*

Attorney No. (if applicable): *91538*

1:46 PM

ELECTRONICALLY FILED

FEB 28 2020

PROTHONOTARY OFFICE
LANCASTER, PA

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

Lancaster _____ **County**

***Electronically Filed***
Feb 21 2020 01:46PM
Ricci Dehl

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

CI-20-02310

### SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Tina Mentzer, et al. | Eid's Grandkis, LLC d/b/a Leola Inn and Suites and Sunset Valley Motel, et al. |

**Are money damages requested?** [X] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [X] No

**Is this an *MDJ Appeal*?** [ ] Yes  [X] No

Name of Plaintiff/Appellant's Attorney: _____

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

### SECTION B

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
  _____
- [ ] Employment Dispute: Discrimination
- [X] Employment Dispute: Other
  Violations of PA Minimum Wage Act and Fair Labor Standards Act
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____