IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA MENTZER<br>    and<br>ARLEE MORSE<br><br>    Plaintiffs,<br><br>v.<br><br>EID'S GRANDKIDS, LLC, et al.<br><br>    Defendants. | CIVIL ACTION NO.: 20-1816-JMG |

## JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT

This Motion is respectfully submitted jointly by and between Tina Mentzer and Arlie Morse (collectively, "Plaintiffs") and Eid's Grandkids, LLC, Nilucamm, LLC, Snyder Motel, Ferial Eid, Talaat Eid, Mark Eid, and Monica Iskander (collectively, "Defendants").

1. Plaintiffs filed a Complaint against Defendants alleging, *inter alia,* failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA").

2. Defendants filed an Answer with Affirmative Defenses to Plaintiffs' Complaint, in which Defendants deny all of Plaintiffs' allegations and assert that the FLSA claims lacked merit.

3. Prior to the initiation of discovery, the Parties engaged in direct settlement discussions in good-faith, resulting in a negotiated settlement of this matter which the parties by this Motion request the Court's approval.

4. The Parties seek this Court's approval of their settlement because that the underlying claims involve alleged FLSA wage and related state law violations (although Court approval is not required for the state law claims).

5.      An employer and employee cannot privately waive the employee's FLSA right to a basic statutory minimum wage and liquidated damages. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, as the United States Supreme Court made clear in the *Overstreet v. North Shore Corporation et al.*, 323 U.S. 679 (1944), line of cases, employers and employees may enter into stipulated judgments in settlement of bona fide FLSA disputes. The plaintiffs in the *Overstreet* matter brought suit under the FLSA to recover alleged unpaid minimum wages and overtime compensation. The case was tried in the district court and resulted in a judgment awarding to each plaintiff specific unpaid wages, overtime compensation, penalties, and attorney's fees. 52 F. Supp. 503 (S.D. Fl. 1943). The case was appealed on coverage issues, 143 F.2d 172 (5th Cir. 1944), and reached the United States Supreme Court. The Court, in a *per curiam* opinion, simply modified the judgments of the District Court <u>in accordance with stipulations signed by counsel for the parties</u>. *See* 323 U.S. 679 (1944).

6.      The Supreme Court later explained in *D.A. Schulte v. Gangi*, 328 U.S. 108 (1946):

> "Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the Act, by the simple device of filing suits and entering agreed judgments, … the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."
> *Id.* at 928, n.8.

7.      Thus, back wage claims arising under the FLSA may be settled or compromised if the employees present to the district court a proposed settlement for scrutiny. *See, e.g., Lynn's Food Store v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Then, "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. Nos.: 08-1798(JLL), 10-2461(JLL), 09-6128(JLL)(D.N.J. Mar. 26, 2012), *citing Lynn, supra.*

8.      Defendants at all times have denied and continue to deny that they violated the FLSA, and they do not admit liability under any state or federal statute. Neither Defendants' agreement to the terms of the settlement agreement nor any other action taken by Defendants in connection with this Joint Motion constitutes any admission by Defendants of any violation of law, duty or obligation.

9.      Nonetheless, in order to avoid the expense, commitment of time and resources, inconvenience and burdens of protracted litigation, Defendants and Plaintiffs have conferred and have reached an amicable resolution of this matter, herein presented.

10.     Defendants have offered legally sufficient monetary and other consideration to settle this action in consideration of and exchange for Plaintiffs' execution of a general release and waiver of claims by Plaintiffs in favor of Defendants and other negotiated promises and obligations as set forth in the Settlement and Release Agreement. The settlement payment resolves all claims for alleged unpaid compensation, damages, costs and attorneys' fees in connection with Plaintiffs' FLSA and related state law wage and hour claims.

11.     Plaintiffs have accepted this offer of settlement, and all Parties find the settlement to be reasonable. Defendants and Plaintiffs have exchanged a Settlement and Release Agreement as evidence of the same, which is satisfactory to all Parties. Pursuant to their Settlement and Release Agreement, Plaintiffs release, among other things, any and all claims against Defendants in this matter or otherwise arising out of their alleged employment and/or independent contractor relationship (a disputed issue) prior to the date of an Order on this Motion.

12.     In consideration of the monetary and non-monetary provisions set forth above, Plaintiffs and Defendants resolve their dispute, waive adjudication on the merits and agree to dismissal of the claims in this suit with prejudice.

13. In accordance with the terms of parties' negotiated settlement, the parties request that the Court dismiss with prejudice all claims against Defendants Nilucamm, LLC, Mark Eid, and Monica Iskandar and direct that those party names shall be removed from the case caption; and

14. With respect to Plaintiffs' counsel's attorneys' fees and costs, "[f]ee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Aros v. United Rentals, Inc.*, Civ. A. No. 3:10–CV–73, 2012 WL 3060470, at *4 (D.Conn. July 26, 2012) (quoting *Sand v. Greenberg,* No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)).

15. Plaintiffs entered into contingency representation agreements with their undersigned counsel, which provide for a 40% contingency fee, after reimbursement of any costs. In scrutinizing the fairness of FLSA settlements, and fees paid thereunder, Courts in this District have upheld similar contingency rates agreed upon between a plaintiff and his/her counsel as the contingency rate in the case at bar. In *Adams, et al. v. Bayview Asset Management, LLC*, Docket 13-CV-05967 (E.D. Pa. 2013) (Brody, J.), the Court approved a 40% contingency fee for eight (8) different single-plaintiff cases, conditioned upon the plaintiff's counsel representing via affidavit that the contingency fee agreement existed at the commencement of the representation to verify plaintiff's counsel bore all of the risk of loss by proceeding with such litigation. *Id*. at Docket Entries 7, 10, and 11. In *Messina et. al. v. Oxford Valley Cardiology Associates P.C. et. al*, Docket No.: 16-CV-01008 (E.D.Pa, 2016) (Ditter, J.), the Court approved a 40% contingency fees for five (5) different single-plaintiff cases, and in assessing fees noted, "I find the attorney's fees to be reasonable based on counsels' joint representation that the fees and costs incurred were

proportional to the needs of the case and Plaintiffs' counsel's agreement not to seek payment for all services performed in order to facilitate the settlement of this dispute."). *Id.*, at Dkt. No.: 24; *Angela Edmondson v. Modern Group LTD., et. al.* Docket No. 14-cv-6706 (E.D.Pa. 2015) (Kearny, J.) (Court approving contingency rate in single plaintiff FLSA case); *Joseph Parris v. Creative Waste Solutions, LLC, et al.* Docket No. 17-cv-3093 (E.D.Pa. 2018) (Hey, M.J.) (same); *Holmquist v. EZ Homes, et al.,* 2:17-cv-03800 (E.D. Pa. 2018) (DuBois, J.) (same); *Ace Parks v. Creative Waste Solutions, LLC, et al.* Docket No. 17-cv-2559 (E.D.Pa. 2018) (Pratter, J.) ("The Court also finds that the fee arrangement, where the representing attorney receives 40% of the settlement plus costs, to be fair and reasonable.") *Id.*, at Dkt. No.: 23;

16.Under the terms of the Plaintiffs' representation agreements with their undersigned counsel, the two (2) Plaintiffs are recovering a total of $28,227.26 from the total settlement amount of $47,500. Plaintiffs' undersigned counsel is obtaining a total fee of $19,272.74, which includes a $454.56 out-of-pocket expense reimbursement.

17.The Parties stipulate that this Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. Section 1331.

Having considered the foregoing, scrutinized the settlement, and determined that the settlement is fair and reasonable (attached hereto as Exhibit "A"),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

18.All the foregoing terms and conditions be, and the same are, hereby approved and incorporated fully into this Consent Order; and

19.Pursuant to the parties' settlement, all claims against Defendants Nilucamm, LLC, Mark Eid, and Monica Iskandar shall be dismissed with prejudice and those party names shall be removed from the case caption; and

20. This case is dismissed in its entirety, with prejudice, except that the Court shall retain jurisdiction for a period of ninety (90) days in the event that settlement is not finalized, and

21. The Parties to this Consent Order shall endeavor in good faith to resolve informally any difference regarding interpretation of and compliance with the Order prior to bringing such matters to the Court for resolution.

Respectfully submitted:

| | |
|---|---|
| */s/ Adam C. Lease* | */s/ Joseph Sileo* |
| Adam C. Lease, Esquire | Joseph Sileo, Esquire |
| Karpf, Karpf & Cerutti, P.C. | McNees Wallace & Nurick LLC |
| Two Greenwood Square | 125 N. Washington Avenue |
| 3331 Street Road, Suite 128 | Suite 220 |
| Bensalem, PA 19020 | Scranton, PA 18503 |
| (215) 639-0801 | (570) 209-7224 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

Approved this ___ day of May, 2020

_____
HON. JOHN M. GALLAGHER, U.S.D.J.